UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACK VANDERBERG,

        Plaintiff,

v.                            Case No. 3:05-cv-601-J-99HTS

C.O.I. TANNER, etc.,

        Defendant.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Doc. #2) (hereinafter Complaint) in the United States District Court for the Northern District of Florida (Case Number 4:05-cv-76-MP-AK). Thereafter, the case was transferred to this Court.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. Rivera v. Allin, 144 F.3d 719, 730 (11th Cir.), cert. dismissed, 524 U.S. 978 (1998). Plaintiff admits that he has brought the following three actions in a Court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 9:98-cv-8513 (S.D. Fla.) (failure to state a claim upon which relief may be granted); (2) 8:87-cv-1772[1] (M.D. Fla.) (failure to state a claim upon which relief may be granted - witness immunity); and, (3) Vanderberg v. Biddlecome, a case filed by Plaintiff in the United States District Court for the Northern District of Indiana in 1979[2] (failure to state a claim upon which relief may be granted - prosecutorial immunity). See Complaint at 6, 6-C; Response to Court's Order (Doc. #8), filed July 20, 2005.

Because Plaintiff has had three or more qualifying dismissals and is not under imminent danger of serious physical injury, the previous order granting Plaintiff's application to proceed in forma pauperis will be vacated,[3] Plaintiff's application to proceed in forma pauperis will be denied, and this action will be dismissed

---

[1] Plaintiff did not know the case number of this case; however, he stated that the Defendant was Steven W. Marsee. Court records reveal that Case Number 8:87-cv-1772 is the only case filed by Plaintiff against this Defendant.

[2] Plaintiff no longer has records in this case and does not remember the case number.

[3] The United States District Court for the Northern District of Florida granted Plaintiff's application to proceed in forma pauperis before transferring this case to this Court.

without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $250.00 filing fee.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Order (Case Number 4:05-cv-76-MP-AK, Doc. #4) granting Plaintiff's application to proceed in forma pauperis is **VACATED** and Plaintiff's application to proceed in forma pauperis is **DENIED**.

2. This case is hereby **DISMISSED** without prejudice.

3. The **Clerk of the Court** shall enter judgment dismissing this case without prejudice.

4. The **Clerk of Court** shall **MAIL** a copy of this Order to: Department of Corrections, 2601 Blair Stone Road, Tallahassee, FL 32399-2500, Attention: Susan Maher. Ms. Maher shall ensure that any lien placed on Plaintiff's account by the United States District Court for the Northern District of Florida for the filing fee in Case Number 4:05-cv-76-MP-AK is removed.

5. The **Clerk of Court** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 7/29
c:
Jack Vanderberg

3